SANDRA I. WEISHART (SBN CA 089782)
sweishart@hinshawlaw.com
MISTY A. MURRAY (SBN CA 196870)
mmurray@hinshawlaw.com
JENNA U. NGUYEN (SBN CA 307929)
jnguyen@hinshawlaw.com
HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
Telephone: 213-680-2800
Facsimile: 213-614-7399

Attorneys for Defendants
Transamerica Premier Life Insurance Company

NOTE: CHANGE MADE BY
COURT IN ¶5.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ERIC JOHNSON and ADARA K. ROBINSON,<br><br>          Plaintiffs,<br><br>     vs.<br><br>TRANSAMERICA PREMIER LIFE INSURANCE COMPANY; and DOES 1 through 10, inclusive,<br><br>          Defendants. | Case No. 2:18-cv-05015-DSF-AFM<br><br>**Discovery Matter:**<br>**Hon. Alexander F. MacKinnon, Magistrate Judge**<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Complaint Filed:   May 1, 2018 |

**TO THE ABOVE-ENTITLED COURT:**

Plaintiffs Eric Johnson and Adara K. Robinson (collectively, "Plaintiffs") and Defendant Transamerica Premier Life Insurance Company ("TPLIC") hereby stipulate as follows:

**1. PURPOSE AND LIMITS OF THIS ORDER**

Discovery in this Action is likely to involve confidential, proprietary, or private information requiring special protection from public disclosure and from use for any purpose other than prosecuting this Action. Therefore, the following Stipulated Protective Order (the "Order") is necessary and the parties hereby stipulate to and petition the Court to enter the following Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it gives from public disclosure and use extends only to the specific material entitled to confidential treatment under the applicable legal principles.

**2. GOOD CAUSE STATEMENT**

There is good cause for issuance of the Order pursuant to Federal Rule of Civil Procedure 26(c) because discovery will likely include the production of materials that contain confidential, proprietary or private information belonging to Plaintiffs, TPLIC and/or third parties, such as materials relating to TPLIC's life insurance business including, but not limited to, information pertaining to underwriting guidelines, underwriting and/or claims handling, the disclosure of which would give TPLIC's competitors information that otherwise could not be obtained, and which competitors could adopt at a substantial cost savings. Confidential, proprietary or private information belonging to Plaintiffs, including financial information, may be produced. This information is generally unavailable to the public, or may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over

1

confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case. Without the Order, the confidentiality of the foregoing materials cannot be adequately maintained. This Order shall govern the designation and handling of the aforementioned materials.

**3. ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER SEAL**

The parties further acknowledge, as set forth in Section 15, below, that this Order does not automatically authorize the filing under seal of material designated under this Order. Instead, the parties must comply with Central District Local Rule ("L.R.") 79-5 *et seq*. if they seek to file anything under seal.

There is a strong presumption that the public has a right of access to judicial proceedings and records in civil cases. In connection with non-dispositive motions, good cause must be shown to support a filing under seal. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1176 (9th Cir. 2006), *Phillips v. Gen. Motors Corp.,* 307 F.3d 1206, 1210-11 (9th Cir. 2002), *Makar-Welbon v. Sony Electrics, Inc.*, 187 F.R.D. 576, 577 (E.D. Wis. 1999) (even stipulated protective orders require good cause showing), and a specific showing of good cause or compelling reasons with proper evidentiary support and legal justification, must be made with respect to Protected Material that a party seeks to file under seal. The parties' mere designation of Disclosure or Discovery Material as CONFIDENTIAL does not (without the submission of competent evidence by declaration, establishing that the

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

material sought to be filed under seal qualifies as confidential, privileged, or otherwise protectable) constitute good cause.

Further, if a party requests sealing related to a dispositive motion or trial, then compelling reasons, not only good cause, for the sealing must be shown, and the relief sought shall be narrowly tailored to serve the specific interest to be protected. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-79 (9th Cir. 2010).  For each item or type of information, document, or thing sought to be filed or introduced under seal in connection with a dispositive motion or trial, the party seeking protection must articulate compelling reasons, supported by specific facts and legal justification, for the requested sealing order.  Again, competent evidence supporting the application to file documents under seal must be provided by declaration.

Any document that is not confidential, privileged, or otherwise protectable in its entirety will not be filed under seal if the confidential portions can be redacted. If documents can be redacted, then a redacted version for public viewing, omitting only the confidential, privileged, or otherwise protectable portions of the document, shall be filed.  Any application that seeks to file documents under seal in their entirety should include an explanation of why redaction is not feasible.

## 4.    DEFINITIONS

4.1    Action:  this pending federal lawsuit.

4.2    Challenging Party:    a Party or Non-Party that challenges the designation of information or items under this Order.

4.3    "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

4.4.    Counsel:  Outside Counsel of Record and House Counsel (as well as their support staff).

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

302827273v1 1009136

4.5     Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

4.6     Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

4.7     Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

4.8     House Counsel:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

4.9     Non-Party:  any natural person, partnership, corporation, association or other legal entity not named as a Party to this Action.

4.10    Outside Counsel of Record:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm that has appeared on behalf of that party, and includes support staff.

4.11    Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

4.12    Producing Party:  a Party or Non-Party that produces Disclosures or Discovery Material in this Action.

4.13    Professional Vendors:   persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

4

4.14   Protected Material:   any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

4.15   Receiving Party:   a Party that receives Disclosure or Discovery Material from a Producing Party.

**5.   SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

The Order does not govern the use at trial of material designated under this Order. The parties shall seek the guidance of the trial judge to determine the extent, if any, to which specific material is treated as confidential at the time of trial.

**6.   DURATION**

Once a case proceeds to trial, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order used or introduced as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana,* 447 F.3d at 1180-81 (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record). Accordingly, the terms of this Order do not extend beyond the commencement of the trial.

**7.   DESIGNATING PROTECTED MATERIAL**

7.1   Manner and Timing of Designations. Designation under the Order requires the Designating Party to affix the legend "CONFIDENTIAL" to each page that contains Protected Material (hereinafter "CONFIDENTIAL legend"). If only a portion of the material on a page qualifies for protection, the Producing Party must

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

302827273v1 1009136

also clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

If marking each page "CONFIDENTIAL" is not practical due to the nature or kind of the materials (e.g., recordings, videos, files that cannot be readily converted to pdf format, etc.), the Designating Party shall specify that such materials are "CONFIDENTIAL" by informing the Receiving Party at the time of production (by letter or email) that such materials are designated as "CONFIDENTIAL" pursuant to the Order and by affixing the CONFIDENTIAL legend in a prominent place on the exterior of the container or containers in which the information is stored.

7.1.1 A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting party has identified which material it would like copied and produced. During the inspection and before the designation, all material shall be treated as confidential. After the inspecting party has identified the documents desired to be copied and produced, the producing party must then designate the documents, or portions thereof, that qualify for protection under the Order.

7.1.2 For testimony given in deposition, the Designating Party shall specify all protected testimony as confidential. The Designating Party may make that designation during the deposition, or may invoke, on the record or by written notice to all parties on or before 5:00 p.m. the next business day, a right to have up to 21 days from the deposition to make its designation. The above provision does not apply to Court proceedings. If any testimony or exhibits designated as confidential during a deposition are filed or referred to in connection with any Court proceeding, the Designating Party must raise the confidentiality issue with the judicial officer conducting such proceeding to obtain the Court's ruling concerning the merits of such designation and/or the procedure for using the designated information in connection with such proceeding. The parties shall comply with their obligations under Section 8, below, and nothing in Section 7.1.2 is intended to waive the

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

parties' duties under L.R. 79-5.1 and/or Section 8, below, when seeking to file with the Court under seal any designated material.

7.1.3 The parties shall make their best efforts to give advance notice if they expect a deposition to include designated material so that other parties can take steps to ensure that only authorized individuals are present when such material is disclosed or used. The use of a document as an exhibit at a deposition shall not in any way affect its designation. Transcripts containing designated material shall have a legend on the title page noting the presence of designated material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) and deposition exhibits that have been designated. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of the 21-day period for designation shall be treated during that period as if it had been designated confidential unless otherwise agreed. After the expiration of the 21-day period, the transcript shall be treated only as actually designated.

7.1.4 While the parties shall make their best efforts to give advance notice if they expect a presentation at a Court proceeding to include designated material, designated material will not be deemed protected in a Court proceeding absent an order, ruling or finding by the judicial officer conducting that Court proceeding that the designated material is appropriately to be protected from public disclosure. The parties agree to comply with their obligations under Section 8 of this Order, and nothing in Section 7.1.3 is intended to waive the parties' duties under L.R. 79-5.1 and/or Section 8 of this Stipulation when seeking to file with the Court under seal any designated material.

7.2 <u>Over-Designation Prohibited</u>. Any Party or Non-Party who designates information or items for protection as "CONFIDENTIAL" must only designate specific material that qualifies under the appropriate standards. To the extent practicable, only those parts of documents, items, or oral or written

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

302827273v1 1009136

communications that require protection shall be designated so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Unjustified designations expose the Designating Party to sanctions, including the Court's striking all confidentiality designations made by that Designating Party. Designation as "CONFIDENTIAL" is allowed only if the designation is necessary to protect material that, if disclosed to persons not authorized to view it, would cause competitive or other recognized harm, or violate rights to privacy. Material may not be designated if it has been made public, or if designation is otherwise unnecessary to protect a secrecy or privacy interest. If a Designating Party learns that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all parties that it is withdrawing the mistaken designation.

## 8. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

8.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

8.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute process under L.R. 37-1 through L.R. 37-4.

8.3 <u>Joint Stipulation</u>. Any challenge submitted to the Court shall be via a joint stipulation pursuant to L.R. 37-2.

8.4 The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

9.  **ACCESS TO AND MAINTENANCE OF DESIGNATED MATERIAL**

9.1  <u>Basic Principles</u>.  A Receiving Party may use Protected Material only for this Action, including all appeals.  Protected Material may be disclosed only to the categories of persons and under the conditions described herein. When the Action has been terminated, a Receiving Party must comply with the provisions of the FINAL DISPOSITION provision herein.

9.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the Court or permitted in writing or on the record by the Designating Party, material designated as CONFIDENTIAL shall not be made available to any persons except "Qualified Persons."  Qualified Persons are:

9.2.1  Outside Counsel of Record for any party hereto, including partners and associate attorneys assigned to this litigation, designated contract attorneys employed by counsel of record, and all paralegal, clerical and secretarial staff employed by such counsel;

9.2.2  House counsel to TPLIC and paralegal, clerical and secretarial staff employed by TPLIC to whom disclosure is reasonably necessary for purposes of the Action;

9.2.3  Plaintiffs;

9.2.4  TPLIC's current and/or former officers, directors, partners, owners, members, and employees to whom disclosure is reasonably necessary for purposes of the Action;

9.2.5  Experts and consultants retained by the Parties and/or their staff to whom disclosure is reasonably necessary for purposes of the Action, and who have signed the Agreement to Be Bound (Exhibit A).  Such experts and/or consultants

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

can sign Exhibit A on behalf of their staff to whom disclosure is reasonably necessary;

9.2.6 The Court and its personnel;

9.2.7 Outside court reporters and professional vendors to whom disclosure is reasonably necessary, and who have signed the Agreement to Be Bound (Exhibit A). Such court reporters and professional vendors can sign Exhibit A on behalf of their staff to whom disclosure is reasonably necessary;

9.2.8 Witnesses in the Action to whom disclosure is reasonably necessary and who have signed the Agreement to Be Bound (Exhibit A);

9.2.9 The author or recipient of a document containing the designated material, or a custodian or other person who otherwise possessed or knew the information;

9.2.10 Mediators and/or discovery referees selected by Outside Counsel of Record or appointed by the Court in the Action; and

9.2.11 Deposition witnesses and attorneys for such witnesses in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgement and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

9.3     <u>Maintenance by a Receiving Party's Counsel</u>.  Protected Material shall be stored and maintained by the Receiving Party's Counsel of Record in a manner reasonably calculated to maintain the confidentiality of the material and shall not be distributed to any Qualified Person electronically except to the extent electronic files containing Protected Material are password protected.

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

302827273v1 1009136

## 10.  PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in the Action to disobey a lawful directive from another court.

This notice requirement shall not apply in the connection with a subpoena that cannot be disclosed by law, such as a certain grand jury subpoenas, or to requests required to be complied with by regulatory agencies, such as the Department(s) of Insurance. In such cases, disclosure shall be permitted as mandated by the subpoena or request, but a reasonable effort shall be made by the party receiving the subpoena or other request to permit production of materials marked as "CONFIDENTIAL" under a protective or confidentiality order. Further, no notice to the non-designating

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

party shall be required with respect to production of the Designating Party's own Protected Material, including any the Producing Party's own materials that have been marked as "CONFIDENTIAL."

## 11. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

Non-Parties subpoenaed to produce documents may designate the documents as confidential in the manner specified above in order to receive the protection hereunder. If documents produced by a Non-Party are not so designated upon production, they nonetheless shall be treated as if they had been designated confidential for a period of 21 days to allow any Receiving Party time to designate the material consistent with the terms of the Order. After the expiration of the 21-day period, the documents shall be treated only as actually designated. In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

If the Non-Party fails to seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 12. UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed designated material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (1) notify in writing the designator of the material that was disclosed without authorization, (2) use its best efforts to retrieve all unauthorized copies of the designated material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of the Order, and (4) use reasonable efforts to have such person or persons execute the Agreement to Be Bound (Exhibit A).

## 13. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review pursuant to Federal Rule of Evidence 502(d) and (e).

## 14. RIGHTS NOT AFFECTED BY THIS ORDER

14.1 Nothing in this Order shall affect the admissibility into evidence of designated material, or be construed as a waiver of any objections which might be raised as to the admissibility of any evidentiary material at trial.

14.2 Nothing in this Order shall after operate as an admission by any person or entity that any designated material contains or constitutes trade secrets,

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

302827273v1 1009136

proprietary, confidential and/or commercially sensitive business, financial or personal information.

14.3  Nothing in this Order shall abridge the right of any person or entity to seek further judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of designated material.

14.4  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

## 15.  **FILING UNDER SEAL**

Without written permission from the designator or a Court order, a party may not file in the public record in this action any designated material.  A party seeking to file under seal any designated material must comply with L.R. 79-5.1.  Filings may be made under seal only pursuant to a Court order authorizing the sealing of the specific material at issue.  The fact that a document has been designated under this Order is insufficient to justify filing under seal.  Instead, parties must explain the basis for confidentiality of each document sought to be filed under seal.  Because a party other than the designator will often be seeking to file designated material, cooperation between the parties in preparing, and in reducing the number and extent of, requests for under seal filing is essential.  If a receiving party's request to file designated material under seal pursuant to L.R. 79-5.1 is denied by the Court, then the receiving party may file the material in the public record (subject to still complying with Federal Rule of Civil Procedure 5.2 and any other applicable rules concerning redaction of personal and private information prior to filing of documents) unless (1) the designator seeks reconsideration within four Court days of the denial, or (2) as otherwise instructed by the Court.

In addition to any requirements stated in any Federal and/or Local Rules, and to the extent that e-filing rules and requirements do not conflict with this provision and mandate paper filing, any sealed envelope or container must contain the title of

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

this action, an indication of the nature of its contents, the word "CONFIDENTIAL" and a statement substantially conforming to the following form:

> "This envelope contains documents filed in this case by [name of party], and is not to be opened nor are the contents thereof to be displayed or revealed except by order of this Court."

## 16.  SUBSEQUENTLY ADDED PARTIES

Unless otherwise agreed to by all parties, this Order shall be applicable to, and binding on, any party added to the Action after the date the Order is issued. Any such newly added party to the Action and their counsel must sign the Agreement to Be Bound (Exhibit A hereto) indicating their agreement to be bound by and comply with the terms of the Order prior to being allowed access to designated material, unless that newly added party and their counsel obtain an order from the Court providing otherwise.

## 17.  FINAL DISPOSITION

Within 60 days after the final disposition of this Action, including all appeals, each party shall return all designated material to the Designating Party or destroy such material, including all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any designated material. The Receiving Party must submit a written certification to the designator by the 60-day deadline that (1) identifies (by category, where appropriate) all the designated material that was returned or destroyed, and (2) affirms that the receiving party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the designated material. This provision shall not prevent counsel from retaining an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

302827273v1 1009136

if such materials contain designated material. Any such archival copies remain subject to the Order.

## 19. ENFORCEABILITY OF STIPULATION AS BINDING CONTRACT BETWEEN THE PARTIES

The parties agree that even if the Court does not sign and enter the Proposed Order hereto that the parties will be bound by all of the terms and conditions of this Stipulation as a separate and enforceable contract between the parties.

**IT IS SO STIPULATED** and respectfully submitted.

DATED: November 26, 2018        HINSHAW & CULBERTSON LLP

By: */s/ Sandra I. Weishart*
     SANDRA I. WEISHART
     MISTY A. MURRAY
     JENNA U. NGUYEN
     Attorneys for Defendants
     Transamerica Premier Life Insurance
     Company

DATED: November 26, 2018        DONAHUE & HORROW, LLP

By: */s/ Michael B. Horrow*
     MICHAEL B. HORROW
     Attorneys for Plaintiffs
     Eric Johnson and Adara K. Robinson

*Filer's Attestation: Pursuant to Local Rule 5-4.3.4(a)(2)(i) regarding signatures, Sandra I. Weishart hereby attests that concurrence in the filing of this document and its content has been obtained by all signatories listed.*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: 11/28/2018

_____
ALEXANDER F. MacKINNON
United States Magistrate Judge

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

302827273v1 1009136

HINSHAW & CULBERTSON LLP
633 West 5th Street, 47th Floor
Los Angeles, CA 90071-2043
213-680-2800

302827273v1 1009136

## EXHIBIT "A"

## AGREEMENT TO BE BOUND

I, _____, hereby acknowledge that, having read the Protective Order filed in the above action entitled *ERIC JOHNSON, and ADARA K. ROBINSON, Plaintiffs v. TRANSAMERICA PREMIER LIFE INSURANCE COMPANY, an Iowa corporation, and DOES 1 - 10*, Defendants, United States District Court, Central District of California, Case No. 2:18-cv-05015-DSF-AFM, I understand the terms thereof and I agree to be bound thereby.

DATED: _____

_____
Signature

_____
Printed Name

_____
Address